IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
CIVIL DIVISION

ANGELIA HEARD STITH                                                      **PLAINTIFF**

VS.                                    CASE NO.: CV-2013 - 475-5

DOLGENCORP, LLC,
DOLLAR GENERAL CORPORATION, and
MICHAEL ANDERSON                                             **DEFENDANTS**

AFS:    For Dolgencorp, LLC
        Corporation Service Company
        300 Spring Building, Ste. 900
        300 Spring St.
        Little Rock, AR 72201

        For Dollar General Corporation
        Corporation Service Company
        2908 Poston Ave.
        Nashville, TN 37203-1312

### COMPLAINT WITH PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, Angelia Heard Stith, by and through her attorneys, Sutter & Gillham, P.L.L.C, for her Complaint, states:

### PARTIES AND JURISDICTION

1.      Angela Heard Stith (Plaintiff), at all relevant time periods, was a resident and citizen of Jefferson County, Arkansas, who was employed by Defendants in Jefferson County, Arkansas.

2.      Defendant, Dollar General Corporation, and DOLGENCORP, LLC (collectively Dollar General hereinafter) each are foreign entities doing business in the state of Arkansas, who, at all times relevant employed more than 500 people in the state of Arkansas and the United States, and operate over 200 stores in the State of Arkansas.  Dolgencorp is a wholly owned subsidiary of Dollar General Corporation, which manages Dolgencorp, and exercises control over labor functions, HR functions, administrative functions, and the operations of the stores.  Thus, Dollar General Corporation is in control of Plaintiff's ability to be employed at the

**EXHIBIT**

E

1

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 9:27 O'CLOCK AM
SEP 17 2013 DATE
LAFAYETTE WOODS, SR., CLERK

Dollar General Stores in Arkansas. They are joint employers of the Plaintiff. Defendants employed more than 50 persons within a 75 road miles of Plaintiff's job site during more than 20 weeks of the calendar year in 2009-2011. Defendant Michael Anderson is a manager of Dollar General, supervised her, and made the decision to terminate her. Anderson is a resident and citizen of Arkansas.

3.      These claims are brought pursuant to the Arkansas Civil Rights Act, and the Arkansas overtime laws for an amount that exceeds that required for diversity jurisdiction.

### GENERAL ALLEGATIONS OF FACT AND LAW

4.      Plaintiff is a female who began working for Defendants in 2006.

5.      Plaintiff performed her job satisfactorily until she was terminated on March 14, 2011.

6.      She had suffered no major discipline and her evaluations were good.

7.      She was a store manager at the Dollarway location.

8.      When her District Managers were gone, other store managers were told to call her if they had questions. She was the training store manager.

9.      Plaintiff was up to be District Manager twice. She was in charge of the literacy program for her district.

10.      Plaintiff got pregnant.

11.      In February 2011, she started having bleeding and was put on bed rest because she was pregnant and in danger of a miscarriage.

12.      Plaintiff did have a miscarriage. She was out nearly two weeks for that condition.

13.      Plaintiff kept her DM informed of her condition and returned to work.

14.      Less than a month later, she was fired.

2

15.     She was told this was because she had failed to protect company assets by not making sure that her Assistant Store Manager (a male who was not pregnant and had not used FMLA leave) had not signed the bank deposit logs, cashier's check balancing slips, and safe fund worksheets. She had trained him to do so. She had asked him if he was doing it and he said yes. He had been previously disciplined for not following money handling procedures, orders regarding them, and the training he had received.

16.     When some money came up missing and she and her DM investigated, they found that the Assistant Manager had not followed his training and had lied to her about what he was doing.

17.     This came to light in January 2011 before Plaintiff's FMLA leave. Her DM did not want to fire him at the time. However, after Plaintiff took FMLA leave, her DM then claimed he was firing Plaintiff and the Assistant Manager. Yet, this was false because the Assistant Manager was not actually fired, just moved elsewhere. Accordingly, the real reason for the termination was Plaintiff's pregnancy, which is a form of gender discrimination.

18.     **Upon information and belief, Plaintiff was replaced by a person who was not female, not pregnant and had not used FMLA leave in the last year.**

19.     While her DM was out, Plaintiff did some DM visits for him to all of his stores and determined that several managers were not following proper procedures on change fund worksheets, register balancing slips, and deposit logs. She informed her DM of this, and no one was fired or even disciplined. These managers were both male, and female, none of whom were pregnant or had used FMLA leave, to Plaintiff's knowledge.

20.     All of Defendants' conduct has been in willful, intentional, knowing, malicious, and reckless violation of the law, as Defendants and their managers were well aware that the law forbids discrimination against employees on account of gender, pregnancy, or the use of FMLA leave.

3

## COUNT I – GENDER AND PREGNANCY DISCRIMINATION

21.    Plaintiff re-alleges the foregoing paragraphs, as though fully stated herein.

22.    By virtue of the facts alleged herein, the Corporate Defendants have discriminated against Plaintiff based on her gender and pregnancy, in violation of the ACRA

23.    As a direct result of Corporate Defendants' conduct, Plaintiff has lost wages, endured mental, emotional, and physical suffering, lost fringe benefits, and incurred medical bills, entitling her to compensatory damages.

26.    The Corporate Defendants have acted in intentional, malicious, and willful violation of the law and should therefore be liable for punitive damages.

## COUNT II

27.    Plaintiff re-alleges the foregoing as if fully set out herein.

28.    Plaintiff was working in a non-exempt position, yet was not paid for hours she worked in excess of 40 hours per week.

29.    Plaintiff with the knowledge and direction of all Defendants, consistently performed duties, of which more than forty percent of which were non-managerial, non-discretionary duties. She was regularly required as part of her job duties to work in excess of forty hours a week, with no additional compensation whatsoever. Plaintiff was the victim of a willful, wanton, and calculated decision, policy or plan.

WHEREFORE, Plaintiff prays for compensatory damages for mental, emotional, and physical suffering under the ACRA, punitive damages under the ACRA, back pay and front pay or reinstatement under all claims, for liquidated damages under the Arkansas overtime laws, for an injunction requiring Defendants to remove all adverse information from Plaintiff's personnel file; training, a 800 hotline, record keeping requirements for claims of discrimination or overtime violations, for an injunction requiring Defendants to re-instate Plaintiff; a requirement that a hotline be instituted for overtime violations, training of management and employees on overtime issues, an independent monitor, a review of all job descriptions and employees descriptions of

4

their jobs to determine which are appropriately considered non-exempt carried out by an independent reviewer; for a trial by jury; for reasonable attorneys' fees; for costs; and for all other just and proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By: /s/ Lucien Gillham
Lucien Gillham, AR Bar No. 99199
lucien.gillham@gmail.com

2013-09-16  Stith, Angela Heard\PLD\2013-09-16  COM  Stith, Angela Heard

5