IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANGELIA HEARD STITH                                                                                   PLAINTIFF

v.                                         CASE NO. 5:13CV00373 BSM

DOLLAR GENERAL CORPORATION,
DOLGENCORP, LLC and MICHAEL ANDERSON                          DEFENDANTS

## ORDER

Plaintiff Angelia Heard Stith's motion to remand [Doc. No. 7] is granted and this case is remanded to Jefferson County Circuit Court.

### I. BACKGROUND AND ALLEGATIONS

On September 17, 2013, Stith filed this action in state court against defendants Dollar General Corporation, Dolgencorp, LLC (collectively "Dollar General") and Michael Anderson. She previously filed a similar case against Dollar General, which she voluntarily dismissed over Dollar General's objections. *See Heard v. Dollar General Corp.*, Case No. 5:12CV00232 BSM (E.D. Ark. Sept. 9, 2013). Dollar General removed the case on the basis of diversity of citizenship under 28 U.S.C. § 1332, asserting that Anderson, an Arkansas citizen who managed Stith while she was employed by Dollar General, was fraudulently joined to defeat diversity jurisdiction. Stith now seeks remand. [Doc. No. 7]. Defendants have moved to dismiss Anderson [Doc. No. 15] and Stith seeks leave to amend her complaint. [Doc. No. 17].

Stith's complaint, although difficult to understand, appears to set forth two claims. First, she alleges that she was fired because she is female and for taking medical leave

during her pregnancy, in violation of the Arkansas Civil Rights Act ("ACRA"). Secondly, she alleges that defendants misclassified her as exempt and failed to pay her for overtime, in violation of the Arkansas Minimum Wage Act ("AMWA").

## II. DISCUSSION

Stith's motion to remand must be addressed first because jurisdiction is a threshold matter. *See* 28 U.S.C. § 1447. Because there are no federal question claims, jurisdiction only exists if there is complete diversity among the parties. *See* 28 U.S.C. § § 1331-32. Fraudulent joinder occurs when a plaintiff adds a "frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010). Joinder is not fraudulent if "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 446 (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003)). Doubts about federal jurisdiction should be resolved in favor of remand, and facts and ambiguities in controlling substantive law should be resolved in the plaintiff's favor. *Id.*; *Filla* at 811.

Defendants allege that Anderson was fraudulently joined solely to defeat diversity jurisdiction. In support, they argue that he cannot be liable under the AMWA because he played no role in the decision to classify Stith as an exempt employee. They also point to her previous case, in which Anderson was not named as a defendant, to demonstrate that her motive in naming him here is to defeat diversity jurisdiction.

The facts set forth by the parties, however, fail to show that no reasonable basis exists

for holding Anderson liable under state law. The AMWA imposes liability on employers for unpaid overtime, and it defines an employer to include individuals acting directly or indirectly in the interest of the employer in relation to the employee. Ark. Code Ann. § 11-4-203(4)(A). Although it is undisputed that Anderson did not classify Stith as exempt, the proposed amended complaint alleges that he violated the AMWA by assigning her non-managerial tasks, increasing her duties, and reducing the hours available to other employees in order to avoid paying overtime.

Stith may not ultimately prevail on this claim against Anderson. Defendants correctly note that she never sought to name Anderson as a defendant in her previous case, despite extensive discovery. They have not, however, cited any Arkansas law that conclusively shows that Anderson cannot be held liable under the AMWA, and it is neither possible nor appropriate to speculate how Arkansas courts might decide the issue. Regardless of Stith's motives for refiling and naming Anderson as a defendant, state law might impose liability upon him and joinder is not fraudulent. As a result, the motion to remand [Doc. No. 7] is granted.

IT IS SO ORDERED this 10th day of March 2014.

_____
UNITED STATES DISTRICT JUDGE